**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BROTHERHOOD OF
MAINTENANCE OF WAY
EMPLOYEES,

      Plaintiff-Appellee,

v.

UNION PACIFIC RAILROAD
COMPANY,

      Defendant-Appellant.

No. 00-1105
(D.C. No. 00-Z-396)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellee Brotherhood of Maintenance of Way Employees (the Union) brought this action against appellant Union Pacific Railroad Company (UP), alleging that UP violated certain provisions of the Railway Labor Act (RLA), 45 U.S.C. §§ 151-188, by unilaterally changing a provision of one of its collective bargaining agreements with the Union. Specifically, the Union asserted that UP violated Rule 9 of the collective bargaining agreement by announcing its plans to purchase switch panel kits and preassembled track panels and to close one of its facilities. The Union contemporaneously filed a motion seeking to enjoin UP from proceeding with these actions. The district court granted the Union's motion for a preliminary injunction, and UP appeals that decision. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we vacate the district court's preliminary injunction order and remand the matter to the district court with instructions to dismiss.

## I.

The underlying facts of this case appear to be undisputed. UP and the Union are parties to a collective bargaining agreement effective January 1, 1973, covering UP's lines and facilities known as the "former Union Pacific." Rule 9 of the 1973 agreement sets forth the job duties of the various employees in the "Track subdepartment." The preamble to Rule 9 states:

> Construction and maintenance of roadway and tract, such as rail laying, tie renewals, ballasting, surfacing and lining tract, fabrication of track panels, maintaining and renewing frogs, switches, railroad crossing, etc., repairing existing right of way fences, construction of new fences up to one continuous mile, ordinary individual repair or replacement of signs, mowing and cleaning right of way, loading, unloading, and handling of track material and other work incidental thereto shall be performed by forces in the Tract Subdepartment.

Appellant's App. Vol. II at 411.

On November 16, 1999, UP announced by letter that it was changing its policy for acquiring switch panels and track panels. Where before the components for these panels were purchased from various suppliers and assembled at a panel plant before being shipped to the work site, in the future UP would be purchasing switch panel kits containing all the components. These kits would then be shipped directly to the work site, bypassing the panel plant. UP also announced its intent to purchase prefabricated track panels. Because these two actions eliminated the need for the Laramie, Wyoming panel plant, UP announced its intent to close that plant. The Union, through its general chairman, David T. Tanner, requested a conference to discuss the matter and notified UP that the Union considered these changes to be a major dispute under the RLA.

On February 23, 2000, the Union filed its lawsuit and its motion for a preliminary injunction in federal court in Colorado and commenced a strike. UP then filed its own lawsuit in federal court in Nebraska, alleging that the Union

had called an illegal strike over a minor dispute. UP also requested a preliminary injunction and a temporary restraining order. Following a hearing, the Nebraska federal district court agreed with UP's characterization of the dispute as minor and issued an order temporarily enjoining the Union from continuing the strike pending a hearing on UP's motion for a preliminary injunction. The Nebraska court then transferred the matter to the federal district court in Colorado where the Union had filed its lawsuit. Both motions for preliminary injunction were consolidated and set for hearing.

The Colorado district court disagreed with the Nebraska court's conclusion that the dispute was minor and found that UP was attempting to unilaterally alter the terms of the collective bargaining agreement, thereby creating a major dispute. The court subsequently issued an order granting the Union's motion for a preliminary injunction enjoining UP from going forward with its plans. On appeal, UP contends that the Colorado district court erred in classifying the dispute as major. It also claims that the court exceeded the permissible scope of review under the RLA for determining whether a dispute is major or minor.

**II.**

We review a district court's grant of a preliminary injunction for abuse of discretion. *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). "An abuse of discretion occurs only when the trial court bases its decision on an erroneous

-4-

conclusion of law or where there is no rational basis in the evidence for the ruling." *Hawkins v. City & County of Denver*, 170 F.3d 1281, 1292 (10th Cir.), *cert. denied*, 120 S. Ct. 172 (1999) (quotation omitted). "We will set aside a preliminary injunction if the district court applied the wrong standard when deciding to grant the preliminary injunction motion." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

The purpose of the RLA is "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The RLA provides a mandatory arbitration system for settling two classes of labor disputes: "major disputes" which "seek to create contractual rights," or "minor disputes" which "enforce them." *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989) (*Conrail).* The district court's underlying determination of whether the dispute between the parties was major or minor is a question of law that we review de novo. *Fry v. Airline Pilots Ass'n, Int'l*, 88 F.3d 831, 835 (10th Cir. 1996).

When a major dispute arises, the parties are required to "maintain the status quo" until they complete a "lengthy process of bargaining and mediation." *Id.* at 302. The district court has jurisdiction to enter an injunction to prevent a disturbance of the status quo during resolution of a major dispute without a

showing of irreparable harm. *Id.* at 303. If the bargaining and mediation process fails to settle a major dispute, the parties may resort to the use of economic force. *Id.*

Minor disputes, "growing 'out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions,'" are subject to conference and compulsory arbitration procedures. *Id.* at 303 (*quoting* 45 U.S.C. § 152 Sixth). This category of disputes "relates either to the meaning or proper application of a particular provision [of a collective bargaining agreement] with reference to a specific situation or to an omitted case." *Id.* (quotation omitted). The National Railroad Adjustment Board, or any board established by the parties under the RLA, has exclusive jurisdiction over minor disputes, with only limited review of the arbitrated decision available. *Id.* at 303-04. Although district courts lack subject matter jurisdiction over minor disputes, they may enjoin a strike called because of a minor dispute. *Id.* at 304. Therefore, the propriety of the district court's injunction in this case turns on whether the dispute over UP's actions is major or minor.

In addressing this question, we do not purport to settle this dispute. At this point, that is not for us or the district court to do, but is the exclusive purview of the administrative mechanisms in place for that purpose. In order to determine whether the district court abused its discretion, however, we must examine the

nature of the dispute and the provision of the collective bargaining agreement at issue.

UP asserts that because the dispute turns on the interpretation and application of the terms of Rule 9 of the collective bargaining agreement, it is minor. UP further contends that no provision of the collective bargaining agreement prohibits its actions in purchasing switch panel kits and preassembled tract panels, or in closing the Laramie panel plant. The Union, on the other hand, asserts that, by its actions, UP is attempting to exert rights not bestowed by the agreement, and therefore, the district court properly categorized the dispute as major.

In *Conrail*, the Court held that if the employer's action is "arguably justified by the terms of the parties' collective bargaining agreement," the dispute is minor and preempted by the RLA. *Id.* at 307. It further held that if, "in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Id.* The Court, in *Hawaiian Airlines, Inc.,* stated that the "arguably justified" standard is used only for controlling the line between major and minor disputes, and concluded that "'[t]he distinguishing feature of [a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing [CBA],'" that is "the dispute does not involve rights that exist independent of the CBA." 512 U.S. at 265 (*quoting Conrail*, 491 U.S. at 305);

*see also Ertle v. Continental Airlines, Inc.*, 136 F.3d 690, 693 (10th Cir. 1998) (defining minor disputes as those related to disagreements over the meaning of the collective bargaining agreement). The test articulated in *Conrail* is slanted toward finding a dispute minor.

At first blush, the Union's argument that UP is attempting to create new contractual rights, and therefore the dispute is major, appears to have some merit. On further reflection, however, it becomes clear that what the Union is really seeking is enforcement of the existing collective bargaining agreement. It appears clear that UP's actions are "arguably justified," and the dispute is "rooted firmly in the [collective-bargaining agreement]" so that any attempt to resolve the dispute will inevitably involve interpretation of that agreement. *Hawaiian Airlines, Inc.*, 512 U.S. at 260. Moreover, resolution of this dispute depends not only on rights found in the collective bargaining agreement, but also "implicate[s] practices, procedures, implied authority [and] codes of conduct that are part of the working relationship." *Fry*, 88 F.3d at 836.

Therefore, we hold that, because the dispute at issue here can be resolved by application and interpretation of the existing collective bargaining agreement, it is a minor dispute. *See Conrail*, 491 U.S. at 305. [1] The arbitral remedy

_____

[1] Because of our decision to vacate the district court's order and remand this case for dismissal, we do not need to address UP's claim that the district court

(continued...)

provided in 45 U.S.C. § 153 is mandatory and exclusive for minor disputes, *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 322, 32 (1972), and, in that light, the district court abused its discretion in issuing a preliminary injunction, *see* 45 U.S.C. § 153, First and Second. Accordingly, we vacate the preliminary injunction and remand this case with instructions to dismiss the Union's action for lack of subject matter jurisdiction. *See Davies v. Am. Airlines, Inc.*, 971 F.2d 463, 465 (10th Cir. 1992) (holding that Railway Labor Act preemption is jurisdictional).

VACATED AND REMANDED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[1](...continued)
exceeding its permissible scope of review in determining whether the dispute at issue was major or minor.